[No. A061437. First Dist., Div. Four. June 29, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
PKS, INC., et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III.B. and III.C.

## COUNSEL

Arlo Smith, District Attorney, and David C. Moon, Assistant District Attorney, for Plaintiff and Appellant.

Peter Koehler, in pro. per., for Defendants and Respondents.

## OPINION

ANDERSON, P. J.—On October 3, 1991, the San Francisco District Attorney, acting on behalf of the People of the State of California (appellant), filed a civil action against PKS, Inc. The complaint sought injunctive relief, restitution of moneys paid and civil penalties from PKS, based on certain alleged unfair business practices: (a) charging more for the recovery of towed vehicles than allowed by Vehicle Code[1] sections 21100, subdivision (g), and 22658, subdivision (i), and San Francisco Traffic Code[2] section 172.04; (b) towing parked vehicles from private property without the request or authorization of the property owner to tow each specific vehicle in violation of section 22658, subdivisions (a) and (f), and section 10851; and (c) towing parked vehicles from private property held open to the public for parking at no fee within one hour of the time the vehicles were parked in violation of section 22953, subdivision (a). The complaint was later amended to assert the same claims against Peter Koehler, president of PKS, Inc., on "alter ego" grounds.

---

[1]Unless otherwise indicated, all further statutory references are to the Vehicle Code.
[2]All further references to Traffic Code are to the San Francisco Traffic Code.

Following a court trial, judgment was entered against appellant and in favor of PKS, Inc., and Peter Koehler (respondents). Appellant seeks reversal of that judgment. We affirm.

## I. PROCEDURAL HISTORY

### A. *Summary of Appellant's Case*

As developed through extensive pretrial briefing, argument, and evidence introduced at trial, appellant attempted to demonstrate that respondents engaged in three practices which were allegedly barred under the state and local statutes set forth in the introduction to this opinion. Appellant's first claim was that respondents violated Traffic Code section 172.04[3] by charging $100 per tow for vehicles towed from private property. Per appellant, it was illegal for respondents to charge more than $80 per (private) tow because the agreement between the San Francisco Police Department and the towing company with which the police had contracted set a fee of $80.[4]

Appellant next charged that respondents had violated the provisions of section 22658, subdivision (a), by engaging in "patrol towing." Per appellant, respondents traveled a prescribed circuit of lots owned by private businesses with which respondents had contractual arrangements and towed cars from those lots without securing prior approval from the lot owners for each individual tow. Third, appellant charged that respondents engaged in a practice of "quick towing"—removing vehicles from lots which provide free parking to the public less than one hour after the vehicles had been parked.

### B. *Decision of the Trial Court*

Pursuant to appellant's request, the trial court issued a statement of decision. On the claim that respondents charged excessive fees for towing under Traffic Code section 172.04, the court found that the Legislature had preempted the field where the issue of excessive charges by towing companies is concerned. The court determined that the enactment of section 22658,

---

[3]Traffic Code section 172.04 provides: "Fees for towing and storage pursuant to Vehicle Code Section 22658 shall be based on the fees currently in effect in the Agreement between the City and County of San Francisco and the contractor currently performing the tows of vehicles . . . . Towing and storage fees shall not exceed the amounts set forth in said Agreement. Should no agreement be in effect, the towing and storage charges shall not exceed the amounts in the last effective agreement."

[4]Respondents stipulated that they had charged $100 per vehicle for 2,448 private tows in the City and County of San Francisco during the period covered by appellant's action— January 5, 1990, through April 19, 1992.

subdivisions (i) and (j)[5] precluded San Francisco's enactment of a statute which attempted to set a standard fee or a maximum fee, employing a formula different from the one established by the Legislature. Moreover, the court noted that the provisions of section 21100, subdivision (g), which permit local authorities to license and regulate tow truck services and drivers, enable those authorities to regulate only those entities whose principal place of business or employment is within their jurisdiction. The court found that respondents' principal place of business and employment was in San Mateo County (South San Francisco). Thus, reasoned the court, San Francisco was not expressly authorized to regulate respondents under section 21100, subdivision (g).

As to "patrol towing," the court found that appellant failed to prove that respondents violated the provisions of section 22658, subdivision (a) or (f). The court found that appellant failed to introduce any competent evidence that respondents towed vehicles without the permission of the private property owners from whose lots the vehicles were towed. Moreover, the court determined that the 1991 enactment of subdivision (l) of section 22658 (effective Jan. 1, 1992)[6] reflected a change in existing law and that prior to January 1, 1992, a towing company was not required to obtain specific authorization for each tow.

As to appellant's "quick tow" claim, the court determined that appellant failed to prove that respondents towed vehicles in violation of section 22953, subdivision (a). The court also determined that section 22658, subdivision (f) provided immunity for tows (including "quick tows") requested by a property owner.[7]

---

[5]Section 22658, subdivision (i), provides: "A charge for towing or storage, or both, of a vehicle under this section is excessive if the charge is greater than that which would have been charged for towing or storage, or both, made at the request of a law enforcement agency under an agreement between the law enforcement agency and a towing company in the city or county in which is located the private property from which the vehicle was, or was attempted to be, removed. . . ."

Section 22658, subdivision (j), provides: "Any person who charges a vehicle owner a towing, service, or storage charge at an excessive rate, as described in subdivision (i), is liable to the vehicle owner for four times the amount charged."

[6]Section 22658, subdivision (l), provides: "(1) A towing company shall not remove or commence the removal of a vehicle from private property without first obtaining written authorization from the property owner or lessee, or an employee or agent thereof, who shall be present at the time of removal. General authorization to remove or commence removal of a vehicle at the towing company's discretion shall not be delegated to a towing company or its affiliates except in the case of a vehicle unlawfully parked within 15 feet of a fire hydrant . . . ."

[7]Section 22658, subdivision (f), provides: "Any owner or person in lawful possession of any private property . . . causing the removal of a vehicle parked on that property shall state

## II. ARGUMENTS AND STANDARDS FOR REVIEW

### A. *Contentions on Appeal*

Appellant first argues that the trial court erred in determining that section 22658, subdivision (i), has the effect of invalidating Traffic Code section 172.04. Appellant goes on to argue that section 21100, subdivision (g),[8] constitutes legislative authorization for enactment of local legislation dealing with towing charges from private lots and that the trial court erred in determining that respondents' principal place of business and employment was in San Mateo County, thus precluding San Francisco's regulation of respondents' business.

Appellant next contends that the trial court erred in determining that respondents' "patrol towing" did not violate the provisions of section 22658 because (per appellant) the statute clearly requires that each tow be authorized/initiated by an individual lot owner. Finally, appellant contends with reference to the "quick tow" issue that the trial court erred in determining that towing companies, as agents of lot owners, are beyond the reach of section 22953, subdivision (a)—at least where injunctive relief is concerned.

### B. *Standards for Review*

Appellant asserts that the issues raised on appeal involve questions of law (only) and that, consequently, this court should examine the trial court's determination "de novo." In our view, appellant mischaracterizes certain of the trial court's determinations. ■ Where the trial court relied on matters of law, we review its determinations de novo. (*Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701].) However, where its determinations were factual, we apply a "substantial evidence" test. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)

---

the grounds for the removal of the vehicle if requested by the legal or registered owner of that vehicle. Any towing company that removes a vehicle from private property with the authorization of the property owner or the property owner's agent shall not be held responsible in any situation relating to the validity of the removal. . . ."

[8]Section 21100 provides: "Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters: [¶] . . . [¶] (g) Licensing and regulating the operation of tow truck service or tow truck drivers whose principal place of business or employment is within the jurisdiction of the local authority . . . ."

## III. ANALYSIS

### A. *The Question of What Constitutes an "Excessive" Charge for Private Tows Has Been Determined by the Legislature*

■ "The people of California have made a *limited* delegation of the police power to cities. It is found in the state's Constitution, article XI, section 7, which declares: 'A . . . city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations *not in conflict with general laws.*' " (*City of Lafayette* v. *County of Contra Costa* (1979) 91 Cal.App.3d 749, 754 [154 Cal.Rptr. 374], italics in original.)

"Under this high authority a city's police power 'is subject to displacement by general state law . . . .' [Citation.] And: 'Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned.' [Citation.]" (*City of Lafayette* v. *County of Contra Costa, supra,* 91 Cal.App.3d at p. 754.)

■ "Upon recodification of the Vehicle Code in 1959, the Legislature preempted the *entire field* covered by that code by substituting in place of section 458 the new section 21 which now states: 'Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the State and in all counties and municipalities therein, and *no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein.*' " (*City of Lafayette* v. *County of Contra Costa, supra,* 91 Cal.App.3d at p. 755, italics in original.)

■ Section 21100, subdivision (g), permits a local entity to "license" and "regulate" tow truck services and drivers under certain limited circumstances—specifically, when their principal place of business or employment is within the jurisdiction of the local entity. The question then becomes whether or not the right to determine what constitutes an excessive charge for private tows has been "expressly" conveyed to local entities under section 21100, subdivision (g). The simple answer is "no."

The purpose for which section 22658, subdivision (i), was enacted was to address the problem of "excessive" charges for tows from private property.[9] Appellant argues that Traffic Code section 172.04 provides "a clear designation as to the 'law enforcement agency' referenced in subdivision [(i)] . . . ." Appellant goes on to argue that Traffic Code section 172.04 "thus

[9]The 1985 Senate Transportation Committee report pertaining to the addition of subdivision (i) to section 22658 reflects that the bill "would limit charges for towing illegally parked

clarifies that the city agreement on behalf of the San Francisco Police Department is to be the determinant of what is an 'excessive charge.' "

Appellant's argument misses the mark. Traffic Code section 172.04 does not *clarify* section 22658, subdivision (i); it establishes a different, *conflicting* standard from the one set by the Legislature. The Legislature established what constitutes an "excessive" charge in enacting subdivision (i). The Legislature set a clear standard—a charge for towing from private property is excessive if it is greater than that charged for towing made at the request of "*a* law enforcement agency under *an* agreement between the law enforcement agency and *a* towing company" in the city or county in which the private property is located. (Italics added.)

Contrary to appellant's argument, the Legislature did not provide that a local authority could or should set a separate standard, based on one specific contract between one specific towing company designated by that local authority and one specific law enforcement agency within the jurisdiction of that authority. Our view of the Legislature's intent is reinforced by other provisions of section 22658. For example, in enacting subdivision (a) of section 22658, the Legislature established a uniform system under which private property owners may cause the removal of vehicles from their property. Subdivision (1) of subdivision (a) requires that a private property owner display a sign with the telephone number of "*the* local *traffic* law enforcement agency. . . ." (Italics added.) If the Legislature had intended that the standard of subdivision (i) be that of a specific agreement between a specific towing company and *the* local *traffic* law enforcement agency, as set forth in subdivision (a), it would have done so. ■ A fair reading of section 22658, subdivision (i), and section 21100, subdivision (g), taken together, is that local authorities may license and regulate tow truck services or drivers whose principal place of business or employment is within their jurisdiction; however, that regulation cannot include setting a separate standard for the determination of "excessive" charges for private tows from that established by the Legislature.[10]

■ In the case at hand, uncontradicted evidence was introduced that respondent had several contracts with law enforcement agencies in the City and County of San Francisco which set rates for tows requested by those

vehicles from private property . . ." and that it was offered in response to allegations of "abuses in the towing of vehicles from private property, including excessive towing charges."

[10]Because we affirm the trial court's determination that section 21100, subdivision (g), does not specifically permit San Francisco to establish its own standard for "excessive" charges by towing services, we do not address appellant's argument that the trial court erred in determining that respondents' principal place of business and/or employment were (was) in the County of San Mateo.

agencies of $100 to $116.[11] Thus, charges by respondents at a rate of $100 for the period covered by the complaint did not exceed the standard set by the Legislature.[12]

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Reardon, J., concurred.

POCHÉ, J.—I concur in the judgment and in the reasoning of part III(A) of the lead opinion. With respect to parts III(B) and III(C), I concur in the judgment only.

A petition for a rehearing was denied July 22, 1994.

---

[11]For example, respondents' contract with the California State Police (San Francisco Field Office) set a rate of $100 per tow; respondents' contract with the California Highway Patrol for tows in the City and County of San Francisco set a rate of $116 per tow in 1990 and $119 per tow in 1991.

[12]We acknowledge that application of section 22658, subdivision (i), to the unique situation in San Francisco produces, perhaps, an unintended result, where the excessive charge formula is established not by reference to the contract between the towing company and the San Francisco Police Department, which is clearly the predominant law enforcement agency in the city, but by reference to contracts entered into by less dominant and less involved enforcement agencies. Nonetheless, we are bound by the language of the statute.

*See footnote, *ante*, page 400.